GENERAL TALKING PICTURES CORPO-
RATION et al. v. STANLEY CO. OF
AMERICA.

No. 735.

District Court, D. Delaware.

Feb. 24, 1930.

Samuel E. Darby, Jr. (of Darby & Darby), of New York City, and E. Ennalls Berl (of Ward & Gray), of Wilmington, Del., for plaintiff.

Charles Neave and Henry R. Ashton (of Fish, Richardson & Neave), and William R. Ballard, all of New York City, and William H. Foulk, of Wilmington, Del., for defendant.

MORRIS, District Judge.

In paragraph 9 of its answer to the bill of complaint filed against it charging infringement of letters patent No. 1,466,701 to De Forest, No. 1,607,480 to Ries, and Nos. 1,-693,071 and 1,695,414 to De Forest, the defendant alleges that its use of the invention of patents No. 1,466,701 and No. 1,693,071 was licensed. Relying upon Equity Rule 29 (28 USCA § 723), which provides, "Every defense heretofore presentable by plea in bar or abatement shall be made in the answer and may be separately heard and disposed of before the trial of the principal case in the discretion of the court," it now moves that this defense be separately heard and disposed of before the trial of the principal case.

The license agreement relied upon is general in its terms, and includes "any and all inventions relating to apparatus, methods or systems adapted for use in wire or radio signaling or communication, or relating to the audion or other vacuum, rarified gas or vapor electric discharge device, or relating in any wise to electrical translating devices (such, for example, as oscillation generators, relays, repeaters, amplifiers, detectors, rectifiers, power limiting devices, X-ray apparatus, etc.), which may be made or conceived by Lee De Forest during the period of seven years from and after the date hereof."

The substantive issue at the hearing upon this defense, which, notwithstanding it is directed to two only of the four patents in suit, would have been presentable by a plea in bar under the former rules, Story's Eq. Pl. §§ 647, 693, would be whether the inventions of the two patents under which a license is claimed are within the scope of this agreement.

As the true end of a plea under the former rules, which required that it reduce the cause or the part to which it applied to a single point, was to save to the parties the expense of an examination of the witnesses at large, Story's Eq. Pl. § 652, so the true purpose of the provision in Rule 29 (28 USCA § 723) for separate trial, in the discretion of the court, of a defense formerly presentable by plea, is likewise to save to the parties the expense of preparation and trial at large. Consequently, the question presented by the pending motion is whether a separate trial of the defense of license would probably inure substantially to the benefit of the parties.

Trial at large upon two of the patents—those with respect to which no license is

claimed—must be had in any event. All four patents are in the same art, that of reproduction from films. Hence, it would seem that it should be to the advantage of all the parties to have the trial upon the patents under which no license is claimed at the same time that the hearing is had upon the issue of license with respect to the other two.

Consequently, the ultimate question raised by the pending motion is whether the advantages in the way of convenience and expense that would arise from a postponement of a trial upon the additional defenses with respect to the two patents under which a license is claimed until after a decision upon the defense of license would outweigh the advantages that would arise from taking the testimony upon all issues at one time. In view of the fact that the four patents are in the same art, the preparation for complete trial upon the four should not, I take it, add much to the labor and expense of preparation for complete trial upon two and partial trial upon the remaining two. Moreover, the witnesses required for complete trial would probably be the same for each patent. It would seem impractical to have these witnesses in court to testify fully with respect to two patents and partially with respect to the remaining two and fail to take their complete testimony touching the latter two upon the ground that the defense of license might be sustained. Again, the failure to take testimony upon all defenses at one time might require two appeals from the decrees of this court with much consequent delay and added expense.

I think the motion should be denied.